14 F.3d 598
 1994 A.M.C. 2112
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES FIRE INSURANCE COMPANY, Plaintiff-Appellant,
and
Transerve Marine, Incorporated, Plaintiff,
v.
TUG STARCRESCENT, her engines, tackle, etc., in rem; Allied
Towing Corporation, Defendants-Appellees,
United States of America, in personam, Defendant & Third
Party Plaintiff-Appellee,
v.
The Tank Barge TMI 96, her engines, tackle, etc., in rem,
Third Party Defendant.
 No. 93-1414.
 United States Court of Appeals, Fourth Circuit.
 Jan. 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-90-63-N)
 Craig S. English, Kennedy, Lillis, Schmidt & English, New York, NY, for appellant.
 William Thomas Storz, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C., for appellees.
 Frank W. Hunger, Asst. Atty. Gen., Kenneth E. Melson, U.S. Atty., David V. Hutchinson, Asst. Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, Morton H. Clar,, Venderventer, Black, Meredith & Martin, Norfolk, VA, for appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The relevant facts, to the extent they are not provided in the district court's order, are fully set forth in our previous decision, United States Fire Insurance Co. v. Allied Towing Corporation, 966 F.2d 820 (4th Cir.1992). There, we remanded this case because of uncertainty as to how the district court had valued the TMI-96, the damaged vessel, in arriving at its damages award to United States Fire of $482,000. Specifically, we noted a seeming contradiction between the court's finding that the TMI-96 was worth at the time of the collision the amount for which it was insured four years earlier, and the apparently uncontroverted evidence that the vessel was in need of more than $400,000 worth of repairs at the time of the collision. Id. at 827.
 
 
 2
 On remand, the district court held a full hearing on the issue of the TMI-96's pre-collision value. The district court specifically addressed the concern registered in our earlier opinion. It found that its prior reliance on the vessel's insured value to calculate damages, was, in fact, irreconcilable with the evidence of the vessel's state of disrepair at the time of the collision, and accordingly reassessed its damages award. J.A. at 496-97.
 
 
 3
 The sole issue before us now is whether the district court's imposition of damages of $264,800 on remand was based on a clearly erroneous valuation of the TMI-96. As we previously held, there are any number of ways in which a court may value a vessel for purposes of calculating damages. United States Fire, supra, at 826. Here, the district court valued the TMI-96 by relying on the vessel's replacement cost depreciated, a methodology we specifically endorsed. Id. We find no error.
 
 
 4
 Appellants contend that the district court clearly erred in basing its valuation on the vessel's depreciated replacement cost as opposed to lost potential profits. We reject this argument. The valuation methodology employed by the court is one we specifically endorsed, United States Fire, supra, at 826, and the court's particular application here of that methodology is expressly based on the detailed testimony of a professional ship appraiser with 29 years' experience. J.A. at 496 & n. 2; id. at 10. Further, the court's express finding that appellants' proferred valuation, based on lost potential earnings, was too speculative, id. at 496, is amply supported by the record evidence. See id. at 149-50, 216, 487 (vessel's income largely dependent on one customer, whose demand for fertilizer carriage was not certain); see also United States Fire, supra, at 827 (citing vessel's disrepair and capacity for but a few more voyages). Neither the court's rejection of the lost potential earnings methodology nor its application of the replacement cost depreciated methodology even approaches clear error.
 
 
 5
 The decision below is affirmed.